UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

| | |
|---|---|
| DEMARCUS C. GEORGE,<br><br>    Petitioner,<br><br>V.<br><br>SANDRA BUTLER, Warden,<br><br>    Respondent. | Civil Action No. 6: 17-05-KKC<br><br>**MEMORANDUM OPINION**<br>**& ORDER** |

    Inmate Demarcus George has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 to challenge the enhancement of his federal sentence. [R. 1] This matter is pending for initial screening of George's petition. 28 U.S.C. § 2243. The Court will deny the relief sought because George may not assert his claims in a § 2241 petition.

    In October 2012, a federal grand jury in the Western District of Kentucky returned a superseding indictment charging George with one count of knowingly and intentionally possessing with intent to distribute a mixture and substance containing cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count 1), one count of knowingly and intentionally possessing with intent to distribute a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance, in violation of 21 U.S.C. § 841(a)(1) (Count 2), and one count of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count 3). In February 2013, George signed a written plea agreement in which he agreed to plead guilty to Count 1 of the superseding indictment. The United States agreed to move to dismiss the remaining counts against George (Count 2 and 3) at the time of sentencing. In the plea agreement, George further agreed that he "knowingly and voluntarily waives the right (a) to directly appeal his conviction and the resulting sentence pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742, and (b) unless based on claims of ineffective assistance of counsel or prosecutorial misconduct, to contest or collaterally attack his conviction and the resulting sentence under 28 U.S.C. § 2255 or otherwise."

In June 2013, the trial court sentenced George to a term of 151 months imprisonment on Count 1, to be followed by a 3-year term of supervised release. The trial court also dismissed Counts 2 and 3 upon the motion of the United States. Although George did not file a direct appeal, he file a motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255 based on ineffective assistance of counsel. In his motion, George argued that his counsel had misinformed him that his Sentencing Guideline range would be 48 to 84 months imprisonment and that he had relied on this erroneous advice when he accepted the United States' written offer to plead guilty in exchange for a recommendation of a sentence "at the lowest end of the applicable Guideline Range." In fact, the Presentence Investigation Report ("PSI") revealed that he qualified as a career offender, resulting in a Guideline Range of 151 to 188 months. In February 2015, the trial court denied George's § 2255 motion and denied a certificate of appealability. *United States v. George*, No. 5: 12-CR-31-TBR-LLK (W.D. Ky. 2012).

Although the PSI prepared by the United States Probation Office in George's underlying criminal case is sealed, in his § 2241 petition, George states that his sentence was enhanced because he qualified as a "Career Offender" pursuant to U.S.S.G. § 4B1.1(a) based on his multiple prior felony convictions for controlled substance offenses, including one conviction in the Christian Circuit Court in Christian County, Kentucky, for violating Kentucky Revised Statute ("K.R.S.") 218A.1411, Trafficking In a Controlled Substance Within 1000 Yards of a School. [R. 1-1 at 2-3, 6] Based on the Career Offender enhancement, his applicable Guideline Range was 151-188 months of imprisonment. [*Id*. at 5] Thus, his actual sentence of 151 months was at the low end of the Guideline Range.

In his § 2241 petition, George argues that, in light of the Supreme Court's decision in *Mathis v. United States*, __ U.S. __, 136 S. Ct. 2243 (2016), his prior conviction for violation of K.R.S. § 218A.1411 can no longer serve as a prior predicate offense for the Career Offender enhancement under U.S.S.G. § 4B1.1. [R. 1-1 at 6, 9-13].

George's petition must be denied because he waived his right to collaterally attack his conviction or sentence in his plea agreement. Such waivers apply to § 2241 proceedings. *Muller v. Sauers*, 523 F. App'x 110, 112 (3d Cir. 2013) ("Muller's plea agreement included a waiver of collateral-

attack rights 'in any post-conviction proceeding, including-but not limited to-any proceeding under 28 U.S.C. § 2255.' Therefore, his plea agreement forecloses relief pursuant to § 2241…"); *Rivera v. Warden, FCI, Elkton*, 27 F. App'x 511, 515 (6th Cir. 2001); *Solis-Caceres v. Sepanek*, No. 13-21-HRW, 2013 WL 4017119, at *3 (E.D. Ky. Aug. 6, 2013) (collecting cases).

Even if this were not so, George may not pursue his claims in this proceeding. A federal prisoner generally may not use a § 2241 petition to challenge the enhancement of his sentence. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). A § 2241 petition may typically only be used as a vehicle for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). A federal prisoner who instead wishes to challenge the legality of his conviction or sentence must file a motion under § 2255. *Peterman*, 249 F.3d at 461 (explaining the distinction between a § 2255 motion and a § 2241 petition). A habeas corpus petition pursuant to 28 U.S.C. § 2241 may not be used for this purpose because it does not function as an additional or alternative remedy to the one available under § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001).

The "savings clause" of 28 U.S.C. § 2255(e) creates an extraordinarily narrow exception to this prohibition if the remedy afforded by § 2255 is "inadequate or ineffective" to test the legality of the prisoner's detention. *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004). A motion under § 2255 is not "inadequate or ineffective" simply because the prisoner's time to file a § 2255 motion has passed; he did not file a § 2255 motion; or he did file such a motion and was denied relief. *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002); *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002) (holding that § 2241 is available "only when a structural problem in § 2255 forecloses even one round of effective collateral review …"). In other words, prisoners cannot use a habeas petition under § 2241 as yet another "bite at the apple." *Hernandez*, 16 F. App'x at 360.

The decidedly narrow scope of relief under § 2241 applies with particular force to challenges not to convictions, but to the sentence imposed. *Peterman*, 249 F.3d at 462; *Hayes v. Holland*, 473 F. App'x 501, 502 (6th Cir. 2012) ("The savings clause of section 2255(e) does not apply to sentencing

3

claims."). In *Hill v. Masters*, 836 F. 3d 591 (6th Cir. 2016), the Sixth Circuit articulated a very narrow exception to this general rule, permitting a challenge to a sentence to be asserted in a § 2241 petition, but only where (1) the petitioner's sentence was imposed when the Sentencing Guidelines were mandatory before the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005); (2) the petitioner was foreclosed from asserting the claim in a successive petition under § 2255; and (3) after the petitioner's sentence became final, the Supreme Court issued a retroactively applicable decision establishing that - as a matter of statutory interpretation - a prior conviction used to enhance his or her federal sentence no longer qualified as a valid predicate offense. *Hill*, 836 F. 3d at 599-600.

George does not satisfy the first criteria in *Hill* because he was sentenced in 2013, long after *Booker* was decided. In addition, although he attempts to rely on the Supreme Court's decision in *Mathis*, for a claim based upon a recently-issued Supreme Court decision interpreting a statute to be cognizable in a § 2241 petition, the holding must be retroactively applicable to cases on collateral review. *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012). The Supreme Court in *Mathis* made abundantly clear that its holding was required by decades-old precedent and hence did not announce any new rule, *Mathis*, 136 S. Ct. at 2257, and the Sixth Circuit has expressly so held. *In re: Conzelmann*, 2017 WL 4159184 (6th Cir. 2017). Therefore George may not rely on *Mathis*.

George's attempt to rely on *Brown v. Caraway*, 719 F.3d 583 (7th Cir. 2013) also fails. Not only is Seventh Circuit precedent not binding on this Court, but the Court of Appeals' holding in *Brown* that the misapplication of the sentencing guidelines could represent a "fundamental defect that constitutes a miscarriage of justice corrigible in a § 2241 proceeding," turned on the fact that the defendant was sentence in the pre-*Booker* mandatory guidelines era. *Id*. at 588. In contrast, George was sentence in 2013, well after the Supreme Court in *Booker* rendered the sentencing guidelines advisory. Thus, George is not entitled to relief under *Brown*.

For each of these reasons, George's petition fails to establish any basis for habeas relief. Accordingly, it is hereby **ORDERED** as follows:

1. George's petition for a writ of habeas corpus [R. 1] is **DENIED**.

2. The Court will enter a judgment contemporaneously with this order.

3. This matter is **DISMISSED** and **STRICKEN** from the docket.

Dated November 20, 2017.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY